[Civ. No. 17760.  Second Dist., Div. Two.  Dec. 1, 1950.]

HASKELL ELY, Appellant, v. EDWARD TRUMAN BEAL, Respondent.

Rudolph Winkler for Appellant.

Charles H. Matthews for Respondent.

McCOMB, J.—From a judgment in favor of defendant predicated upon the granting of his motion for a nonsuit, plaintiff appeals.

*Facts:* Plaintiff filed an action against defendant to recover damages for injuries received as a result of being hit by an

automobile. A jury having been waived plaintiff introduced evidence tending to prove that while in a marked pedestrian crosswalk he was struck by an automobile. Plaintiff took the witness stand but could not testify without the aid of an interpreter. The latter would not be available until the next day, whereupon the trial judge asked plaintiff's counsel whether he had any other witnesses to which plaintiff's counsel replied that he had none; that the only witnesses he intended to produce were plaintiff and a hospital witness.

The court then asked defendant's counsel if he had any suggestions, to which he replied that his client had come from New York to be present at the trial, and that he was willing to expedite matters by putting on the defense out of order but did not desire to prejudice defendant's right to make any and all motions available to defendant at the close of plaintiff's case. Counsel for plaintiff was then asked how many other witnesses he intended to call to give testimony relative to what occurred at the accident, to which he replied that he intended to call only plaintiff. Defendant's counsel then stated that if counsel for plaintiff would stipulate that no witnesses to the accident were to be called other than plaintiff; would further stipulate that defense testimony would be considered subject to any and all motions defendant had available to him under the law at the close of plaintiff's case; and that defendant might reserve the right to make any motion at the close of plaintiff's case that defendant would otherwise have the right to make under the law—then and only under such stipulation defendant was willing to proceed with his case out of order. Counsel for plaintiff stated that he was willing to so stipulate. The court then recited the stipulation whereupon counsel for both sides assented and the stipulation was approved by the court.

Defendant introduced testimony among other things to the effect that he was driving the automobile which struck plaintiff. Thereafter plaintiff resumed his case and introduced testimony as to the extent of his injuries. Plaintiff also testified through an interpreter telling how he had been struck by an automobile in the crosswalk. The record is devoid of any testimony introduced by plaintiff indicating that defendant was the owner or driver of the automobile which struck plaintiff. When plaintiff rested, defendant made a motion for nonsuit which was granted and which is the predicate of the judgment from which the present appeal is taken.

*Question: Did the trial court err in granting defendant's motion for a nonsuit?*

The question must be answered in the negative. Under the stipulation entered into by the parties and approved by the trial court, defendant reserved the right to make any motion available to him when plaintiff rested his case without consideration of the testimony introduced by defendant. Therefore viewing the record in the light of the stipulation, since plaintiff did not introduce a scintilla of evidence to show who the driver or owner of the automobile was which struck him, the record is devoid of any evidence that defendant had negligently injured plaintiff, and the trial court properly granted the motion.

Affirmed.

Moore, P. J., and Wilson, J., concurred.